IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00162-FL

**Patrick Solomon**,

        Plaintiff,

v.

**Raleigh Police Department**,

        Defendant.

**Memorandum & Recommendation**

This cause comes before the court upon Plaintiff's motion for leave to proceed i*n forma pauperis*. D.E. 1. After reviewing Plaintiff's application, the undersigned determined that it contained insufficient information to determine whether he could proceed without full prepayment of costs.

The Order noted that Plaintiff stated he had monthly expenses totaling approximately $1900.00. D.E. 4. These expenses included $150.00 each for food and clothing, $200.00 each for transportation and entertainment and recreation, and $500.00 in monthly credit card installment payments. D.E. 1 at 4. However, Plaintiff listed no source of income and averred his only bank account had a balance of only $25.00. D.E. 1 at 1–2. Additionally, the application stated that Plaintiff expected major changes to his income in the next 12 months, and that he has spent, or will spend, money for expenses or attorneys fees in conjunction with the action. However, Plaintiff failed to respond to the follow-up questions to explain these responses. D.E. 1 at 5.

Accordingly, by Order dated August 26, 2016, Plaintiff was directed to file a particularized application. D.E. 4. It stated that if Plaintiff receives assistance from others to

compensate for food, transportation, or other expenses, he should identify such contributions in his application.

No response has been received by the court, nor has Plaintiff requested an extension of time to comply with the order to particularize. Having failed to properly particularize his application to proceed *in forma pauperis* as directed by the August 26, 2016 Order, the application may appropriately be denied.

Nonetheless, Plaintiff's submissions are also subject to frivolity review under 28 U.S.C. § 1915(e)(2)(B). A claim proceeding *in forma pauperis* may be dismissed at any time if it is deemed frivolous. 28 U.S.C. 1915(e)(2)(B)(ii). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff proceeding *in forma pauperis* must "meet certain minimum standards of rationality and specificity," and delusional or fantastic claims which are clearly baseless are subject to dismissal. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may also dismiss all or any part of a complaint which fails to state a claim upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare

2

assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

Here, Plaintiff complains of violations of his Fourth Amendment rights, illegal detainment, and harassment. D.E. 1-1 at 2. A brief in support of his Complaint offers little more by way of factual basis for his claims. It merely states that a Raleigh police office detained Plaintiff through an illegal traffic stop that lacked a legal basis. D.E. 1-2 at 1. Such allegations lack sufficient factual support and fail to state a claim upon which relief could be granted.

To the extent Plaintiff is attempting to state a claim under 42 U.S.C. § 1983, his claim fails. A constitutional claim against a local government and an official requires a plaintiff to establish that the constitutional injury resulted from an official policy or custom of the governmental entity named in the complaint. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784–85, (1997); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Love–Lane v. Martin*, 355 F.3d 766, 782–83 (4th Cir. 2004). An allegation alleging constitutional injury resulting from an official policy, procedure, or custom can be shown in one of four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). "Isolated incidents" of unconstitutional conduct of municipal employees is not sufficient to establish a custom or practice under § 1983. *Id*. at 473.

Neither Plaintiff's Complaint, nor his accompanying brief, argues that any of the alleged constitutional violations were attributable to a Raleigh Police Department policy or custom. Nor do his pleadings suggest any purported constitutional violation was more than a solitary occurrence. Accordingly, the undersigned recommends that the court grant the application to proceed *in forma pauperis* for purposes of this order and to DISMISS AS FRIVOLOUS Plaintiff's Complaint.[1] *See Engleman v. Cumberland County*, No. 5:12-cv-00147-FL, 2013 WL 157065, *8 (E.D.N.C. Jan 15, 2013) ("[T]here is nothing in the complaint that would support a finding that the conduct was attributable to a policy or custom of the sheriff….").

For these reasons, Solomon's application to proceed *in forma pauperis* is granted and the undersigned recommends that the court dismiss his Complaint without prejudice.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Solomon. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. See, e.g., 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

---

[1] Plaintiff is well-aware of the pleading requirements, having recently submitted a near-identical pleading. *See Solomon v. Raleigh Police Dept.*, No. 5:16-CV-41-BO, *aff'd,* No. 16-6243 (4th Cir. June 23, 2016) (dismissing similar action by this Plaintiff against this Defendant).

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: November 4, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge